IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZEBBY SULECKI, INC., | : | |
|     Plaintiff, | : | No. 23-cv-4756-JMY |
| | : | |
| vs. | : | |
| | : | |
| LSOP 3 PA I, LLC AND NEWREZ, LLC, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                                  **April 1, 2024**

    Currently before the Court is a motion to dismiss filed by moving Defendant, Newrez, LLC, (hereinafter "Tenant").  (Motion to Dismiss, ECF No. 8.)  The Court finds this Motion appropriate for resolution without oral argument.  Fed R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, Defendant Tenant's Motion will be granted without prejudice to Plaintiff's ability to file an amended complaint.  Plaintiff will be provided with twenty (20) days in which to file an amended complaint that is consistent with the Memorandum.

**I.      FACTUAL AND PROCEDURAL BACKGROUND:**

    Defendant, LSOP 3 PA 1, LLC (hereinafter "Owner"), is the owner of the office building commonly known as the Fort Washington Technology Center located at located at 1100 Virginia Drive, Ft. Washington, PA 19034 (the Property").  (Complaint ¶8, ECF No. 1.)  Defendant Tenant is a long-time tenant at the Property.  (*Id.* ¶9.)  On January 5, 2023, Tenant entered into a new Lease Agreement extending its tenancy at the Property and increasing the size of its leasehold. (Lease Agreement, Motion to Dismiss Exhibit A, ECF No. 7-3 pages 18 to 59.)  The Lease Agreement requires Landlord to complete a multimillion-dollar "fit-out" construction project (the "Project") necessary to make the Premises suitable for Tenant's business.  (Second Amended Complaint ¶¶13-24 filed in *Newrez v. Liberty*, Motion to Dismiss Exhibit A, ECF No.

7-3 pages 5 & 6.)  Under the terms of the Lease Agreement, Defendant Tenant claims that it agreed to share the cost of the Project with the Owner – the Owner promised to pay up to a ceiling of $5,500,500.00, and Tenant agreed to pay, as additional rent, any costs toward the Project that exceeded the Owner's maximum contribution amount.  (*Id.* ¶¶22-24.)  The Tenant claims that the Owner was responsible for paying all monies directly to the general contractor, including, without limitation, any monies forwarded to Owner by the Tenant.  (*Id.* ¶¶ 13-24; Work Letter attached as Exhibit E to Lease Agreement, Motion to Dismiss Exhibit A, ECF No. 7-3 pages 66-72.)

On or about March 2, 2023, Defendant Owner, entered into one or more contracts with non-party Norwood Construction Services, LLC ("Norwood") to serve as the general contractor for several projects at the Property, including the two at issue in this action – projects commonly known as (1) the Newrez Fit-Out (the "Newrez Fit-Out), and (2) the 1100 VA Drive New Common Corridor (the "Common Corridor" and collectively with the Newrez Fit-Out, the "Projects").[1]  (Complaint ¶10; Work Letter, ECF No. 7-3 pages 66-72.)  In turn, "Norwood contracted with [Plaintiff subcontractor] to provide carpentry, drywall, acoustical ceiling tile installation, wallcovering and painting on the Projects, as more particularly set forth in the two written subcontracts each dated on or about March 30, 2023 (the "Subcontract")."  (Complaint ¶11.)

Plaintiff subcontractor alleges that it diligently performed its scope of work, and then issued to the general contractor Norwood a series of payment applications together with conditional partial releases of lien claims in accordance with the Subcontracts.  (*Id.* ¶14.)

---

[1] Contrary to the pleadings filed in the related litigation, and the documents produced by the Parties to date, including the Lease Agreement, Plaintiff alleges that the Tenant contracted directly with the general contractor Norwood.

Plaintiff asserts that it has not been paid for the labor and materials supplied to the Projects. (*Id.* ¶16.) In related litigation, general contractor Norwood asserts that it has not paid Plaintiff because Owner has failed and refused to pay it, and Norwood has since walked off the Projects and refused to perform additional work unless and until Owner brings it current. (*Id.* ¶17.) In related litigation, Defendant Tenant claims that a few months into the Lease Agreement, it became clear that the Owner was not in a financial position to uphold its end of the bargain with Tenant. (Second Amended Complaint ¶¶ 25–56 filed in Newrez v. Liberty.) Tenant alleges that it paid the Owner almost $400,000 in costs for the Projects, with the understanding that the Owner would use the money to pay the general contractor Norwood. (*Id.* ¶¶ 25.)

The Owner's defaults have led to numerous lawsuits. Tenant sued Owner (landlord) on October 3, 2023, in the Montgomery County Court of Common Pleas. *Newrez LLC v. Liberty 1100 VA DR. LLC*, No. 2023-22082 (Montco, PA. Oct 3, 2023). The Owner (landlord) then sued Tenant in a separate action on November 22, 2023. *Liberty v. Newrez*, No. 2023-25736 (Montco, PA. Nov. 28, 2023). Plaintiff subcontractor sued the general contractor Norwood in the Delaware County Court of Common Pleas on December 4, 2023. *Sulecki v. Norwood*, No. 2023-10334 (Delaware County PA Dec. 4, 2023). Plaintiff subcontractor also sued Tenant and Owner in this case on December 1, 2023.

II.   **LEGAL STANDARD:**

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must

3

contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendants are liable for the alleged misconduct.

### III. DISCUSSION:

Plaintiff asserts a sole claim for unjust enrichment against the Tenant. (Complaint ¶¶29-36 (Count II).) However, Plaintiff has failed to plead sufficient facts to establish a claim for unjust enrichment; therefore, the Court will grant the Tenant's motion to dismiss with leave to file an amended complaint. "To establish a claim for unjust enrichment under Pennsylvania law, a plaintiff must allege facts demonstrating (1) a benefit conferred on the defendant by the plaintiff, (2) appreciation of such benefit by the defendant, and (3) acceptance and retention of such benefit under circumstances such that it would be inequitable for the defendant to retain the benefit without payment to the plaintiff." *iRecycleNow.com v. Starr Indem. & Liab. Co.*, 674 F. App'x 161, 162 (3d Cir. 2017) (citing *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 273 (3d Cir. 2010)). To prevail on an unjust enrichment claim, "a claimant must show that the party against whom recovery is sought has received a benefit that would be unconscionable for her to retain." *Massachusetts Mut. Life Ins. Co. v. Curley*, 459 F. App'x 101, 108 (3d Cir. 2012).

The most significant element of the doctrine is whether the enrichment of the defendant is unjust; the doctrine does not apply simply because the defendant may have benefited as a result

4

of the plaintiff's actions.  *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 645 Pa. 362, 179 A.3d 1093, 1103 (Pa. 2018).  Whether a claim for unjust enrichment exists depends on the unique factual circumstances of each case to be determined on a case-by-case basis.  (*Id.*)  Relevant factors that the Court will examine when evaluating whether an enrichment is unjust are whether the plaintiff provided a benefit that was requested by the defendant or whether the defendant mislead the plaintiff into providing the benefit.  *Bigler Boyz Enviro, Inc. v. Clean Fuels of Ind., Inc.*, 2020 U.S. Dist. LEXIS 70136, *12 (E.D. Pa. April 21, 2020).  In the context of litigation in the construction industry involving claims of unjust enrichment brought by a general contractor and/or a subcontractor, the evaluation of whether a defendant requested a benefit or mislead the general or subcontractor into providing the benefits is outcome determinative to the survival of an unjust enrichment claim.  *Buttonwood Co. v. E. Clifford Durell & Sons, Inc.*, 34 Phila. Co. Rptr. 193, 201 (Pa. Comm. Pl. 1997) ("There is specific case law [*D.A. Hill*] in this Commonwealth discussing the criteria for application of an unjust enrichment theory in the context of claims being asserted for unpaid construction services.").

In the construction industry context, the ability of a general contractor or subcontractor to proceed against an owner of real property is dependent on the ability of the contractor to show that the owner directly requested that it perform work for the owner's benefit or that the owner mislead the contractor into doing the work.  *D.A. Hill Co. v. Clevetrust Realty Investors*, 573 A.2d 1005, 1010 (Pa. Super. 1990) ("[T]he controlling case of *D.A. Hill* stands for the proposition that subcontractors may not recover from owners on a theory of unjust enrichment unless (1) the owner requested the benefit or (2) the owner misled the subcontractor."); *Meehan*

*v. Cheltenham Twp.*, 189 A.2d 593, 596 (1963); *Ira G. Steffy & Son, Inc.*, 7 A.3d at 283; *Styer v. Hugo*, 619 A.2d 347, 350 (Pa. Super. 1993); and *Buttonwood Co.*, 34 Phila. Co. Rptr. at 201.

In this instance, the Complaint is devoid of any allegations to establish that the Plaintiff subcontractor had any direct communication with the Defendant Tenant, or that the Tenant did anything to mislead the Plaintiff subcontractor. Plaintiff subcontractor does not even attempt to allege that Tenant knew of Plaintiff subcontractor's involvement in the Project. Plaintiff essentially admits that there was no direct contractual relationship between itself and the Defendant Tenant. Plaintiff's claim for unjust enrichment fails since it failed to allege facts to establish the requisite contact between itself and Defendant Tenant. *Goldsmith Assocs. V. Del Frisco's of Philadelphia, Inc.,* 2009 U.S. Dist. LEXIS 92193, *13-14 (E.D. Pa. Oct 1, 2009); *Ira G. Steffy & Son, Inc. v. Citizens Bank of Pa.,* 7 A.3d 278, 283 (Pa. Super. Sept 17, 2010).

The Court also has serious doubts concerning Plaintiff's ability to establish that Defendant Tenant retained a benefit which is a require element for a successful claim based on a theory of unjust enrichment. After a review of the pleadings and documents produced in the related litigation, it would appear that the Tenant vacated the Property after a dispute related to the Project arose with the Owner. The fact that Tenant vacated the leasehold – if true – casts serious doubt on any argument that the Tenant retained a benefit. Therefore, the Court questions the ability of Plaintiff subcontractor to realistically go forward with this litigation.

**IV.   CONCLUSION:**

For these reasons, the Tenant's motion to dismiss will be granted without prejudice to the ability of Plaintiff to file an amended complaint. If Plaintiff fails to file an amended complaint, the Court will presume that Plaintiff intends to stand on complaint. Plaintiff's inaction will be deemed as a desire to proceed on the original complaint under the stand on the complaint

doctrine, and the order dismissing the complaint without prejudice will become final. *Lucas v. Township of Bethel*, 319 F.3d 595, 600 (3d Cir. 2003) (dismissal without prejudice was final and appealable because plaintiff chose to stand on the complaint); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992) (holding that plaintiff elected to stand on complaint by failing to amend within specified time period); and *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991) (finding appellate jurisdiction over dismissal without prejudice based on statements made in letter brief filed after appeal was initiated).

      Any potential amended complaint that Plaintiff intends to file will need to set forth specific allegations to establish that: Plaintiff subcontractor directly communicated with the Defendant Tenant; that the Defendant Tenant specifically identified the Plaintiff as the subcontractor it wanted to perform services; or that the Defendant Tenant mislead it into performing services.

BY THE COURT:

   /s/ John Milton Younge
Judge John Milton Younge